UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MATTHEW LOLLIS, | No. 2:22-cv-0486 WBS DB P |
| Plaintiff, | |
| v. | ORDER |
| ZELL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, has filed a civil rights action under 42 U.S.C. § 1983 and a motion to proceed in forma pauperis. In addition, plaintiff has file motions for the appointment of counsel, to dismiss a previously-filed case, and to amend his complaint. Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff's motion to proceed in forma pauperis will be granted. For the reasons set forth below, plaintiff's motions to amend the complaint will be granted and his motion for the appointment of counsel will be denied. Plaintiff's motion to dismiss the previously-filed case is moot because he voluntarily dismissed it and it is now closed.

**MOTION TO DISMISS PRIOR ACTION**

Plaintiff filed this action on March 15, 2022. On screening, this court noted that this case was nearly identical to a case filed March 8, 2022 – Lollis v. Zell, 2:22-cv-0433 DB P. Therefore, this court recommended the present action be dismissed. (See ECF No. 6.) Plaintiff

1

then voluntarily dismissed the prior action. That case was closed on April 8, 2022. Because plaintiff has chosen to proceed with the present case, this court will vacate the recommendation that it be dismissed.

**MOTIONS TO AMEND**

Plaintiff seeks to amend his complaint by adding evidence and defendants. (See ECF Nos. 9, 11.) Plaintiff may not amend the complaint by adding allegations or defendants. Instead, plaintiff must file an amended complaint.

In an amended complaint, plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits or other filings to determine what plaintiff's charging allegations are as to each named defendant. Plaintiff must include ALL claims he wishes to pursue in one amended complaint.

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Plaintiff may not bring claims against different defendants that are not related to each other. Fed. R. Civ. P. 20(a)(2). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

The federal rules require a simple description of a party's claims. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff need not provide evidence with an amended complaint. Plaintiff will have the opportunity to seek to obtain evidence if and when this court determines he has sufficiently alleged a claim for relief.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded.

## MOTION FOR THE APPOINTMENT OF COUNSEL

Plaintiff argues that he requires the appointment of counsel because this case is complex and he will need to interview multiple witnesses from other facilities.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Because plaintiff intends to file an amended complaint, this court has not yet evaluated the merits of plaintiff's claims. Therefore, this court cannot determine the likelihood plaintiff will succeed on the merits of his claims. At this time, this court does not find the required exceptional circumstances.

////

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The Findings and Recommendations filed March 21, 2022 (ECF No. 6) are vacated.

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's motions to amend the complaint (ECF Nos. 9, 11) are granted. Within thirty days of the date of this order, plaintiff shall file an amended complaint. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. Plaintiff's motion to dismiss his previously-filed action (ECF No. 9) is denied as moot.

6. Plaintiff's motion for the appointment of counsel (ECF No. 8) is denied.

7. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.[1]

Dated: April 26, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/S/loll0486.mta

---

[1] Plaintiff recently filed a notice that he expects to be transferred to another prison. He asked that the court check CDCR's inmate locator website for his current location. The court has done so. CDCR records show that plaintiff is still at High Desert State Prison. When plaintiff is transferred, plaintiff must file a change of address with the court.