UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MATTHEW LOLLIS,<br><br>　　　　Plaintiff,<br><br>ZELL, et al.,<br><br>　　　　Defendants. | No. 2:22-cv-0486 WBS DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Before the court is plaintiff's first amended complaint for screening. For the reasons set forth below, this court finds plaintiff states no cognizable claims for relief. Plaintiff will be given the opportunity to file a second amended complaint.

## BACKGROUND

In March 2022, plaintiff filed two actions in this court which alleged nearly identical claims. Without screening plaintiff's initial complaint on the merits, this court recommended the present action be dismissed so that plaintiff could proceed on the case he filed earlier. Plaintiff then informed the court that he wished to proceed on his claims in the present case and had voluntarily dismissed the prior case. Plaintiff further requested the opportunity to amend his complaint.

In an order filed April 26, this court vacated its recommendation that this action be dismissed and granted plaintiff's request to file an amended complaint. On May 19, plaintiff filed a first amended complaint.

1

**SCREENING**

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

. . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

## II. Analysis

### A. Allegations of the First Amended Complaint

Plaintiff is currently incarcerated at the California Men's Colony. He complains of conduct that occurred in late 2021 when he was incarcerated at High Desert State Prison ("HDSP"). Plaintiff identifies seven defendants: Correctional Officers Zell, Mundy and Sevy; Warden Brian Kibler; Director of Corrections Connie Gippson; Library Technician Assistant C-Montoya; and Physician Mark Davis.

Plaintiff first alleges that he was taken by bus from HDSP to various prisons and was not provided his medication during that time. At one prison, plaintiff was not given food so that he was unable to take his medication. Plaintiff was then returned to HDSP due to "staff misconduct." Defendant Zell transported plaintiff back to HDSP. Zell initially told plaintiff to run so that Zell could shoot him in the back. Zell then failed to provide plaintiff with water or food and provided him with a dirty urinal bottle. Plaintiff contracted herpes when he used it. Plaintiff was also unable to take his medication on the bus ride back.

Plaintiff states that Zell's negligence resulted in plaintiff contracting herpes. In addition, plaintiff claims that he suffered the deprivation of food, water, and his "life saving" medication.

In his second claim, plaintiff contends that defendants Mundy and Sevy discouraged plaintiff from filing grievances regarding the illegal transfer by writing him up for rules violations to affect plaintiff's chances at parole. Plaintiff contends Mundy also bribed inmates to fight plaintiff. As a

3

result of Mundy and Sevy's conduct, plaintiff claims he has suffered anxiety and his Board of Prison Terms ("BPH") hearing is "in jeopardy."

In his third claim, plaintiff alleges that defendant C-Montoya has "harassed" him by writing him up for rules violations in an attempt to prevent him from "filing charges." In addition, C-Montoya is making it difficult for plaintiff to get legal copies and library assistance. Plaintiff contends C-Montoya's actions have delayed his ability to file in court and have jeopardized his chances of parole.

Plaintiff states that defendants Kibler and Gippson review all grievances and rules violation reports.

**B. Does Plaintiff State Claims Cognizable Under § 1983?**

**1. Claims against Zell**

None of plaintiff's allegations against defendant Zell amount to a claim under § 1983. First, allegations of threats do not amount to actionable claims under § 1983. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), as amended, 135 F.3d 1318 (9th Cir. 1998); see also Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (Verbal harassment and abuse alone are insufficient to state a constitutional deprivation under § 1983.)

Second, "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009) (citing Phelps v. Kapnolas, 308 F.3d 180, 187 (2nd Cir. 2002)). In order to show the deprivation of food and water violated the Eighth Amendment, plaintiff must allege facts showing that he suffered a sufficiently serious deprivation and that Zell had a culpable state of mind in allowing or causing plaintiff's deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). Further, a showing of mental or emotional injury alone is not actionable under § 1983. A plaintiff bringing a suit under § 1983 must show he has suffered physical injury, in addition to mental and emotional harms. 42 U.S.C. § 1997e(e); see also Perkins v. Kansas Dept. of Corr., 165 F.3d 803, 807 (10th Cir. 1999). Plaintiff fails to state that he was deprived of food and water for an extended time, does not show that Zell acted with deliberate indifference to plaintiff's

health, and does not explain just what he suffered as a result. The same is true for plaintiff's allegations that Zell prevented him from taking his medication. Plaintiff fails to show that he suffered any physical harm from being deprived of his medication.

Finally, plaintiff alleges only that Zell was negligent in providing plaintiff with a dirty urinal bottle. To state an Eighth Amendment claim, plaintiff must show that Zell acted with deliberate indifference to the risks plaintiff faced by using the urinal bottle. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To adequately allege deliberate indifference, plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986). Plaintiff fails to show that Zell knew of the risks to plaintiff and deliberately disregarded them.

### 2. Claims against Mundy and Sevy

Plaintiff claims defendants Mundy and Sevy issued rules violations to discourage plaintiff from filing grievances and to affect plaintiff's chances at parole. Interfering with an inmate's right to file a grievance can state a claim for denial of the First Amendment right of access to the courts. However, to state a cognizable First Amendment claim, plaintiff must allege that he suffered an "actual injury" as a result of the defendant's alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). The right of access to the courts applies to nonfrivolous direct criminal appeals, habeas corpus proceedings, and civil rights actions. Id. at 353 n.3, 354-55. Plaintiff fails to show that he was unable to, or hindered in his ability to, access the courts or that his chances at parole were, in fact, damaged by any action of Mundy or Sevy.

To the extent plaintiff is attempting to allege a claim that false reports were filed against him, he is advised that the falsification of a disciplinary report does not state a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017).

1    With respect to plaintiff's claim that Mundy paid inmates to fight with plaintiff, plaintiff
2    indicates that no such fighting ever occurred.  Because he does not allege that he suffered any
3    injury as a result of Mundy's actions, plaintiff fails to state a claim under § 1983.

### 3. Claim against C-Montoya

5    Plaintiff's allegations against C-Montoya similarly fails to state a First Amendment violation.
6    Plaintiff does not show that as a result of C-Montoya's actions, plaintiff's right of access to the
7    courts was affected.  Even if plaintiff suffered a delay in filing, to be actionable, plaintiff must
8    show that the delay harmed him.  Plaintiff must show he suffered an actual injury as a result of a
9    defendant's actions.  He does not do so here.

### 4. Claims against Remaining Defendants

11   Plaintiff fails to state facts that might amount to a constitutional claim against defendants
12   Kibler, Gippson, and Davis.  Generally, denying a prisoner's administrative appeal does not cause
13   or contribute to the underlying violation.  See George v. Smith, 507 F.3d 605, 609 (7th Cir.
14   2007); Hernandez v. Cate, 918 F. Supp. 2d 987, 1018 (C.D. Cal. 2013).  Unless plaintiff shows
15   that Kibler and Gippson's involvement in an appeal caused plaintiff additional injury, they cannot
16   be charged with a constitutional violation.  Farmer, 511 U.S. at 842.  With respect to defendant
17   Davis, plaintiff alleges no facts showing what Davis did, or did not do, that caused plaintiff harm.

## III. Conclusion

19   Above, this court finds plaintiff fails to state any claims for relief.  Plaintiff will be given an
20   opportunity to amend the first amended complaint.
21   In a second amended complaint, plaintiff must address the problems with his first amended
22   complaint that are explained above.  Plaintiff is advised that he must clearly identify each
23   defendant and the action that defendant took that violated plaintiff's constitutional rights.  The
24   court is not required to review exhibits or other filings to determine what plaintiff's charging
25   allegations are as to each named defendant.  Plaintiff must include ALL claims he wishes to
26   pursue in one amended complaint.
27   Plaintiff must identify as a defendant only persons who personally participated in a
28   substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d

740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Plaintiff may not bring claims against different defendants that are not related to each other. Fed. R. Civ. P. 20(a)(2). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

The federal rules require a simple description of a party's claims. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's first amended complaint (ECF No. 18) is dismissed with leave to amend.

////

    2. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

    3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: June 17, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/loll0486.scrn LTA