UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MATTHEW LOLLIS,<br><br>Plaintiff,<br><br>v.<br><br>L. MUNDY, et al.,<br><br>Defendants. | No. 2:22-cv-0486 WBS DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. §1983. Plaintiff alleges defendants falsified a disciplinary report in retaliation for plaintiff's statement that he intended to file a grievance against them. Plaintiff has requested appointment of counsel. He argues that he cannot afford an attorney, has limited law library access, has no legal experience or education, and the case is complex.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff's circumstances are the same as those faced by many prisoners.  Further, this court does not find the present case particularly complex.  Plaintiff has one claim – that defendants retaliated against him by falsifying a disciplinary report.  Plaintiff has not shown the exceptional circumstances that would justify a request for the voluntary assistance of counsel.

Plaintiff also states that he is confused about the status of this case.  Plaintiff is advised that he should carefully review the court's May 5, 2023 Discovery and Scheduling Order.  It explains some things plaintiff should do to prepare for trial.  It also provides deadlines for discovery and identifies the specific federal rules that plaintiff should review if he wishes to send discovery requests to defendant.  If plaintiff has missed deadlines to send discovery requests, he may request an extension of time to do so.  If plaintiff seeks an extension of time, he must explain the reasons to show there is good cause for the court to grant him additional time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 43) is denied.

Dated:  August 7, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/R/loll0486.31

2