UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM MATTHEW LOLLIS,

      Plaintiff,

    v.

ZELL, et al.,

      Defendants.

No.  2:22-cv-00486-WBS-SCR

ORDER

Plaintiff is a state prisoner representing himself in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On May 19, 2025, this action was voluntarily dismissed with prejudice by stipulation of the parties pursuant to a settlement agreement.  ECF Nos. 75-76.  Plaintiff filed a motion to enforce the settlement agreement on October 19, 2025 and defendants filed a response.  ECF Nos. 77, 81.  Plaintiff did not file a reply and the time to do so has expired.  Therefore, the matter has been fully briefed.

Upon review of the documents submitted, the court finds that the settlement agreement required the California Department of Corrections and Rehabilitation ("CDCR") to "make a good-faith effort to pay the settlement amount (minus any restitution amounts, liens and fees) within 180 days from the date Plaintiff delivers to Defendants a signed settlement agreement, a notice of voluntary dismissal with prejudice, and all of the required Payee Data Forms."  ECF No. 81-1 at 19.  Plaintiff signed the required documents on May 8, 2025 which would require the

1

settlement funds to be deposited no later than November 4, 2025.  See ECF No. 81-1 at 14 (signed Stipulation for Voluntary Dismissal); ECF No. 81-1 at 21 (signed Settlement Agreement); ECF No. 81-1 at 23 (Signed Payee Data Record).  The agreed amount of settlement funds were deposited into plaintiff's inmate trust account on November 6, 2025.  See ECF No. 81-1 at 8 (Inmate Statement Report).

Based on this record, the court finds that defendants complied with the terms of the settlement agreement which required their good faith effort to deposit the settlement proceeds into plaintiff's inmate trust account within 180 days.  The actual funds were not processed into plaintiff's inmate trust account until 182 days after the settlement documents were signed.  However, the terms of the settlement have been fulfilled.  Therefore, plaintiff's motion to enforce the judgment is moot.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to enforce the settlement agreement (ECF No. 77) is denied as moot.

Dated:  March 2, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

2